J. Radcliffe Jones, Jr., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Levi D. T. Noble, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 10234, 10235.   Promulgated June 8, 1928.

*Edgar T. Fell, Esq.*, for the petitioners.
*Harold Allen, Esq.*, for the respondent.

472

OPINION.

Love: The facts were all stipulated. We have no jurisdiction over the year 1919 wherein respondent has determined an overassessment and the protests of petitioners are addressed to a question of refund. See *Everett Knitting Works*, 1 B. T. A. 5.

For the year 1920 there is but one issue. It relates to petitioners' shares of the profits of a partnership. The profits were determined and the books were closed as of December 31, 1919, and also as of December 31, 1920, but in addition the partnership computed its profits as of a fiscal year ending January 31, 1920, and in compliance with the demand of respondent, filed an amended return reporting the computed profits for the fiscal year. The amounts of the profits according to these several determinations are not in dispute. The question is whether the action of respondent was proper in including in the income of petitioners for the taxable calendar year, their shares of the partnership profits for the fiscal year ended January 31, 1920, and also the profits for the period ended December 31, 1920. The circumstances are detailed in the findings and need not be repeated here; suffice it to say that the partners were apparently actuated by no other motives than to make their returns entirely to the satisfaction of the Government. They were late in seeking advice but were prompt in acting upon it. They were too late to secure the approval of the Commissioner to a change of the basis of computing the net income of the partnership from the existing fiscal

year to a calendar year as of December 31, 1919, but were granted such approval and did effect the change as of December 31, 1920. The individual partners were at all times on the basis of the calendar year.

It follows that there were two accounting periods of the partnership which ended within the calendar year 1920, the effective dates being January 31, 1920, and December 31, 1920.

For the year 1920, the individual partners were subject to the provisions of section 218 (a) of the Revenue Act of 1918, reading, so far as material here, as follows:

That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, or, *if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the fiscal or calendar year upon the basis of which the partner's net income is computed.* (Italics ours.)

In view of the plain and unmistakable provision of the statute, which we have underlined, the action of the respondent was proper and is unavoidable. It is idle to speculate upon procedure which might, in this case, be managed to result more equitably. The arguments of petitioner are unavailing under the statute. Respondent is sustained. *Cf. Charles Colip*, 5 B. T. A. 123; *J. H. Goadby Mills*, 3 B. T. A. 1245.

> *The deficiencies are determined to amount as follows: for J. Radcliffe Jones, Jr. $1,415.15; for Levi D. T. Noble, $1,613.81.*